UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                            CASE NO.  8:11-cr-558-T-23TGW
                                                       8:14-cv-475-T-23TGW

REINELL FRANK RAYNER

_____/

# O R D E R

Rayner's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the

validity of his conviction for conspiracy to possess with the intent to distribute

twenty-eight grams or more of cocaine base, for which offense he serves 120 months.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary

review of the motion to vacate and a summary dismissal "[i]f it plainly appears from

the face of the motion, any attached exhibits, and the record of prior proceedings that

the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d

557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion

was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows

that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir.

1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion

and notify the movant if 'it plainly appears from the face of the motion and any

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued
before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th
Cir. 1981) (*en banc*).

annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

Rayner's motion to vacate is time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that the district court possesses discretion to *sua sponte* question the timeliness of a petition for the writ of habeas corpus).

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f). Rayner's judgment was entered on October 24, 2012. Because Rayner filed no direct appeal, the conviction became final on November 7, 2012, upon expiration of the fourteen days permitted for filing a notice of appeal. Rule 4(b)(1)(A), Fed. R. App. P. *See Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) ("[W]here a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal."). *See also Ramirez v. United States*, 146 Fed. App'x 325, 326 (11th Cir.), *cert. denied*, 546 U.S. 1025 (2005). Consequently, the deadline for moving under Section 2255 was one year later, on November 7, 2013. Under the mailbox

rule[2] Rayner's motion to vacate is considered filed as of February 20, 2014, which is the date he signed the motion.  Rayner's motion to vacate is more than three months late.

Even if timely, Rayner waived the claim he now asserts – the validity of an earlier conviction that was used to calculate his guideline sentence.  In his plea agreement Rayner specifically waived "the right to appeal [his] sentence or to challenge it collaterally . . . ."  (Doc. 43 at 14 in 8:11-cr-558-T-23TGW) Additionally, Rayner cannot challenge the validity of the state conviction in a Section 2255 motion to vacate.  *Daniels v. United States*, 532 U.S. 374, 382 (2001) ("The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255.").

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as time-barred.  The clerk must close this case.

**DENIAL OF BOTH A
CERTIFICATE OF APPEALABILITY
AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Rayner is not entitled to a certificate of appealability ("COA").  A prisoner moving to vacate his sentence has no absolute entitlement to appeal a district court's

---

[2] *Houston v. Lack*, 487 U.S. 266, 276 (1988) ("[T]he notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk."); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (holding that a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing).

denial of his motion.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue

a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a

substantial showing of the denial of a constitutional right."  To merit a certificate of

appealability, Rayner must show that reasonable jurists would find debatable both (1)

the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See*

28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*,

279 F.3d 926, 935 (11th Cir 2001).  Because the motion to vacate is clearly time-

barred, Rayner cannot meet *Slack*'s prejudice requirement.  529 U.S. at 484.  Finally,

Rayner is not entitled to appeal *in forma pauperis* because he is not entitled to a

certificate of appealability.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in*

*forma pauperis* on appeal is **DENIED**.  Rayner must obtain permission from the

circuit court to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on February 28, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 4 -